**UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE: THE HONORABLE TIMOTHY M. REIF, JUDGE**

| | |
|---|---|
| SOUTHERN CROSS SEAFOODS, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, and ) <br> NATIONAL MARINE FISHERIES SERVICE, ) <br> ) <br> Defendants. ) | Case No. 22-00299 <br><br> **NON-CONFIDENTIAL** <br> **Business Proprietary Information deleted from Pages 2 and 5.** |

**PLAINTIFF'S MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD**

Pursuant to Rules 7(b) and 73.3 of this Court, Plaintiff Southern Cross Seafoods, LLC, ("Southern Cross") moves to supplement the administrative record with documents and materials that agency decision-makers at the National Marine Fisheries Service ("NMFS") considered, directly or indirectly, when deciding to deny Southern Cross's application for preapproval to import *Dissostichus eleginoides,* commonly referred to as Patagonian toothfish ("toothfish") harvested from the Food and Agricultural Organization of the United Nations Statistical Subarea 48.3 in the South Georgia fishery ("Subarea 48.3") in the Atlantic Ocean north of Antarctica. Southern Cross is not seeking to supplement the record with additional documents that were not previously before the agency, but instead is asking the Court to order Defendants to complete the record. The reasons that support this motion are described further below.

I. **BACKGROUND**

On September 15, 2022, the NMFS unlawfully denied Southern Cross's application for preapproval to import toothfish harvested from Subarea 48.3, asserting that such importation contravened conservation measure ("CM") 31-01 because the Commission for the Conservation of Antarctic Marine Living Resources ("CCAMLR") failed to adopt a conservation measure

"establishing a catch limit and other fishery-specific requirements" for toothfish harvested from Subarea 48.3.  *See* Administrative Record ("AR") APPX86.  In doing so, the NMFS stated that its denial of the application was "consistent with the [

] AMLRCA regulations and U.S. obligations under the CCAMLR Catch Documentation Scheme (CM 10-05) which ***prohibits the importation*** of toothfish harvested in a manner inconsistent with CCAMLR conservation measures."  AR APPX86 (emphasis added).

Southern Cross commenced this appeal of the NMFS denial on October 12, 2022 (ECF 1, 2, 14).  In accordance with the Court's December 12, 2022 Order (ECF 23), Defendants filed the administrative record on December 16, 2021 (ECF 24).  On December 19, 2022, Defendants filed a motion to dismiss this action for lack of subject matter jurisdiction, which is pending before this Court.

Upon review of the administrative record submitted by Defendants, Southern Cross discovered that the record was incomplete because it did not include all documents directly or indirectly considered by the agency decision-makers when the agency denied Southern Cross's application for preapproval.  Prior to filing this motion, counsel for Southern Cross, Lucius B. Lau, initiated a dialogue over email with Sosun Bae of the U.S. Department of Justice, counsel to Defendants the United States and the National Marine Fisheries Service, to discuss these apparent omissions from January 18, 2023 through May 4, 2023.  However, counsel for both parties were unable to come to a resolution.  All substantive correspondence between Mr. Lau and Ms. Bae regarding the administrative record is included in **Attachment 1** to this motion.

II. **STANDARD OF REVIEW**

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1581(i).  The court reviews Section 1581(i) cases as provided for by the Administrative Procedure Act ("APA").  In an APA case, "the court shall review the *whole* record . . . ."  5 U.S.C. § 706 (emphasis added).

The "whole record" is "the full administrative record that was before the {agency} at the time {it} made {its} decision." *Defenders of Wildlife v. Dalton*, 24 C.I.T. 1116, 1118 (2000) (quoting *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971)). This court has defined the whole administrative record to include "all documents and materials directly or indirectly considered by agency decisionmakers." *Ammex, Inc. v. United States*, 62 F. Supp. 2d 1148, 1156 (Ct. Int'l Trade 1999). Moreover, "a document need not literally pass before the eyes of the final agency decision maker to be considered part of the administrative record." *Id.* (citations omitted). Relatedly, Rule 73.3(c) of this Court states that the record shall contain "{a}ny documents, comments, or other papers filed by the public, interested parties, or governments with respect to the agency's action."

"{C}ourts will . . . supplement the record upon a showing that the administrative record is not complete." *Advanced Tech. & Materials Co. v. United States*, 34 C.I.T. 598, 604 (2010). To demonstrate that the record is incomplete, "a party must provide the Court with reasonable, non-speculative grounds to believe that materials considered in the decision-making process are not included in the record" meaning that the movant should "provide evidence that the appropriate decisionmakers either directly or indirectly considered the missing documents while making their decision." *Giorgio Foods, Inc. v. United States*, 755 F. Supp. 2d 1342, 1346 (Ct. Int'l Trade 2011) (citing *Defenders of Wildlife v. Dalton*, 24 C.I.T. at 1119).

III. **ARGUMENT**

The administrative record submitted by Defendants does not include certain documents that were directly or indirectly considered by decisionmakers at the NMFS when it decided to deny Southern Cross's application for pre-approval to import frozen toothfish from Subarea 48.3. As discussed further below, the following documents were directly or indirectly referenced by documents already included in the administrative record, demonstrating that they were considered

directly or indirectly by the NMFS in its decision in this case and should be included in the administrative record.

**Document 1.**   The administrative record must include documents that the NMFS cited in its decision because those documents were directly considered by the agency in taking the action. Specifically, the NMFS letter denying Southern Cross's application for preapproval cites a paper to support its assertion that the Convention on the Conservation of Antarctic Marine Living Resources does not articulate a rational-use goal that must be satisfied.  *See* APPX83 n.1 (citing *Conservation of Antarctic Marine Living Resources* (CCAMLR-XXXV/BG/28), CCAMLR-XXXV, paras. 9.12-9.21, a paper presented by the United States and Australia at CCAMLR XXXV).  This citation demonstrates that the NMFS directly considered this document when denying Southern Cross's application.  Therefore, the paper should be included in the record.  We provide the paper as **Attachment 2** to this motion.

**Document Category 2.**   The record must include any information or supporting communications to indicate how the NMFS obtained the outside legal opinions included in the administrative record as well as any information or supporting communications identifying who authored the legal opinion titled "Legal Opinion in relation to the toothfish fishing licenses granted by the Government of South Georgia for the 2022 season in the 48.3 area of CCMALR."  *See* AR APPX104–APPX110.  The record includes outside legal opinions that the NMFS considered in making its denial decision.  *See e.g.*, AR APPX23—APPX34, APPX35—APPX42, APPX43—APPX46, APPX47—APPX53, APPX61—APPX68, and APPX104–APPX110.  And yet, aside from the legal opinions provided by Harold Koh and counsel for Southern Cross, *see* AR APPX47–APPX53, APPX61—APPX68, the record is devoid of any information about the source of these legal opinions.  Given that the agency considered these legal opinions in coming to its decision, it

follows that the administrative record should include the communications supplying any legal opinions, as the source of these documents affects how the agency considered them.

The next three document categories (**Document Categories 3 – 5**) all relate to a December 17, 2021, letter from Alexa Cole of the National Oceanic and Atmospheric Administration ("NOAA") to Constance Arvis of the State Department stating, "NMFS has determined that the importation of [            ] . . . would be prohibited . . . until such time that CCAMLR adopts a conservation measure to set catch limits for that area." AR APPX21–APPX22 ("December 17 Letter"). The inclusion of this letter in the administrative record evinces that the NMFS directly considered it in its decision to deny Southern Cross's application for preapproval. Nonetheless, the current administrative record is missing documents that the NMFS considered in making its determination in the December 17 Letter, and that the NMFS by extension at the very least indirectly considered in making its later determination regarding Southern Cross's pre-approval application.

**Document Category 3.** The administrative record must include any emails, notes, or correspondence prior to December 17, 2021 relating to the NMFS determination that the importation of toothfish from Subarea 48.3 would be prohibited. Several documents in the administrative record reference interagency discussions that occurred prior to December 17, 2021, and informed the December 17 Letter. For example, the record includes an email exchange from December 17, 2021, in which Ms. Arvis at the State Department tells Jane Rumble of the United Kingdom's ("UK's") CCAMLR delegation "after *considerable interagency consultation* we now have significant certainty . . . we will not be able to accept imports . . . ." AR APPX1 (emphasis added). This "certainty" comes from the December 17 Letter. *See* AR APPX21–APPX22. Moreover, according to a January 10, 2022, email from Ms. Cole to Seth Sykora-Bodie (also at NOAA), "[t]here were *a number of State/NOAA conversations that preceded our . . .* [

5

**]** *. . . letter* – we essentially pre-discussed the contents with both NOAA and State legal and policy folks." AR APPX3 (emphasis added).  These consultations and conversations were directly considered by the NMFS prior to the December 17 Letter.  Because the December 17 Letter was directly considered by the NMFS decision-makers when they later decided to deny Southern Cross's application for pre-approval to import toothfish caught in Subarea 48.3, it follows that these communications were at the very least indirectly considered by the agency decision-makers when they denied Southern Cross's application.  Therefore, these documents should be a part of the administrative record.

**Document Category 4.**  The record should include any communications between the State Department, the NMFS and other CCAMLR member Commissioners informing them of the NMFS decision to prohibit the importation of toothfish caught in Subarea 48.3 during periods where there is no CCAMLR catch limit in place.  The December 17 Letter expressly requests that "State coordinate with NMFS to inform other CCAMLR member Commissioners and U.S. fish dealers" about the decision, AR APPX22, yet no record of such communications other than the email to the UK CCAMLR Commissioner Jane Rumble, *see* AR APPX1, are included in the administrative record.  If the State Department followed through on the NMFS's request and communicated this decision to other delegations, these communications should be included in the record.  What the State Department communicated to these delegations regarding this prohibition was at least indirectly considered by the NMFS decision-makers when denying Southern Cross's request for pre-approval to import toothfish from Subarea 48.3 the following year.

**Document Category 5.**  The administrative record should also include initial exchanges between representatives of the State Department and other delegations (namely the European Union and the UK) regarding fishing in Subarea 48.3 in the absence of a catch limit adopted by the CCAMLR.  The record includes a March 4, 2022, email from Luis Molledo of the European

6

Commission to Lisa Phelps of the State Department that refers to "initial exchanges on 48.3 with your delegations{,}" AR APPX111, yet none of those communications are provided in the administrative record. Any such exchanges that occurred before December 17, 2021, were at least indirectly considered by the NMFS when it established a prohibition on the importation of toothfish from Subarea 48.3 in its December 17 Letter. *See* AR APPX21–APPX22. As previously established, the NMFS directly considered the December 17 Letter in its decision to deny Southern Cross's request for pre-approval to import toothfish from Subarea 48.3. AR APPX83–APPX86. Therefore, these documents should be part of the administrative record.

**Document Category 6.** The administrative record should include any communications from non-governmental organizations ("NGOs") and other governments regarding whether the importation of toothfish from Subarea 48.3 requires a CCAMLR catch limit or contravenes any CCAMLR conservation measure, including any CCAMLR circulars and any communications that the State Department received from the European Union, the UK or other governments in response to Luis Molledo's March 4, 2022, email, *see* AR APPX111. Given that NMFS asserts this issue "poses novel legal and policy questions" and that NMFS gave "careful consideration to all of the relevant issues… [and] the precedent that will be set…" AR APPX83, any communications from interested parties and other governments, including any CCAMLR circular, were at least indirectly considered by the NMFS decision-makers in deciding not to accept toothfish from Subarea 48.3 caught in the absence of a CCAMLR catch limit. The NMFS considered the December 17 Letter and the other materials included in the administrative record submitted by the government when it denied Southern Cross's request for pre-approval. Thus, agency decision-makers at least indirectly relied on communications from interested parties and other governments when deciding to deny Southern Cross's request for pre-approval and all of these communications should be included in the administrative record.

In accordance with Rule 7(f) of the Rules of this Court, on June 16, 2023, Southern Cross's counsel David E. Bond and Lucius B. Lau contacted Sosun Bae of the U.S. Department of Justice, counsel to Defendants, the United States and the National Marine Fisheries Service.  Defendants do not consent to this motion.

IV.  **CONCLUSION**

For these reasons, the Court should grant this motion and order Defendants to supplement the administrative record.  A proposed order accompanies this motion.

Respectfully submitted,

WHITE & CASE LLP

 /s/ *David E. Bond*
David E. Bond (DC Bar No. 453711)
Earl W. Comstock (DC Bar No. 1019329)
Lucius B. Lau (DC Bar No. 446088)
Cristina M. Cornejo (DC Bar No. 1736447)
701 Thirteenth Street NW
Washington, DC 20005
202-729-2307
dbond@whitecase.com
earl.comstock@whitecase.com
alau@whitecase.com
cristina.cornejo@whitecase.com

Attorneys for
Southern Cross Seafoods, LLC

June 19, 2023

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Rule 2(b) of the Court's Standard Chambers Procedures, the undersigned counsel certifies that Plaintiff's Motion to Supplement the Record complies with the Court's type-volume limitation rules. According to the word count calculated by the word processing system with which the motion was prepared, the motion contains a total of 2,151 words.

*/s/ David E. Bond*

June 19, 2023

**CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of June, 2023, I electronically filed a copy of the foregoing using the CM/ECF system, which sent a notification of such filing to counsel of record.

/s/ David E. Bond