Slip Op. 23-146

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **SOUTHERN CROSS SEAFOODS, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**UNITED STATES,**<br><br>and<br><br>**NATIONAL MARINE FISHERIES SERVICE,**<br><br>Defendants. | Before: Timothy M. Reif, Judge<br><br>Court No. 22-00299<br>**PUBLIC VERSION** |

### OPINION AND ORDER

[Denying in part plaintiff's Motion to Supplement the Administrative Record concerning five categories of documents and ordering defendants to provide an explanation concerning the remaining category.]

Dated: October 5, 2023

David E. Bond, Earl W. Comstock, Lucius B. Lau, Cristina M. Cornejo, White & Case, LLP, of Washington, D.C., for plaintiff Southern Cross Seafoods, LLC.

Sosun Bae, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., for defendant United States. With her on the brief were Brian M. Boynton, Principal Deputy Assistant Attorney General, Patricia M. McCarthy, Director, L. Misha Preheim, Assistant Director.

Keith A. Hagg, Attorney-Advisor, National Oceanic Atmospheric Administration, Office of General Counsel of Silver Spring, M.D. for defendant National Marine Fisheries Service.

Reif, Judge:  Before the court is the motion to supplement the administrative record of plaintiff Southern Cross Seafoods, LLC ("plaintiff" or "Southern Cross")

PUBLIC VERSION

subsequent to the motion to dismiss by defendants the United States ("the government") and the National Marine Fisheries Services ("NMFS")[1] (collectively, "defendants") of plaintiff's complaint concerning the denial of its preapproval application for imports of *Dissostichus eleginoides,* commonly referred to as Patagonian toothfish ("toothfish") harvested from the Food and Agricultural Organization of the United Nations Statistical Subarea 48.3 in the South Georgia fishery ("Subarea 48.3") in the Atlantic Ocean north of Antarctica.

For the reasons outlined below, the court denies plaintiff's motion to supplement the administrative record for Document Categories 1, 3, 4, 5 and 6 and orders defendants to file an explanation of their position concerning Document Category 2.

## BACKGROUND

Plaintiff seeks a declaratory judgment against the denial of future applications for preapproval of its imports of toothfish from Subarea 48.3 due to the lack of a conservation measure ("CM") in force for the Convention on the Conservation of Antarctic Marine Living Resources ("CAMLR Convention"). Corrected Compl. ¶¶ 9, 12, 54, ECF No. 14. Plaintiff challenges also the actions of NMFS under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2). *Id.* ¶¶ 8-9, 56, 58. In defendants' motion to dismiss, defendants argue that plaintiff's action does not arise out of a law providing for

---

[1] NMFS is a federal agency within the National Oceanic and Atmospheric Administration ("NOAA"). Corrected Compl. ¶ 15. NOAA is situated within the U.S. Department of Commerce ("Commerce"). *Id.*

PUBLIC VERSION

an "embargo" or other "quantitative restriction" under 28 U.S.C. § 1581(i) and that, even if it did, the Court lacks subject matter jurisdiction because the district courts have exclusive jurisdiction pursuant to 16 U.S.C. § 2440.  Defs.' Mot. Dismiss ("Defs. Mot. Dismiss") at 1, ECF No. 25.  Plaintiff opposes the motion to dismiss.  Pl.'s Resp. in Opp'n to Defs.' Mot. Dismiss ("Pl. Resp."), ECF No. 26.

On June 20, 2023, plaintiff filed a motion to supplement the administrative record. Pl.'s Mot. Supp. Admin. R. ("Pl. Mot. Supp."), ECF No. 37.  In its motion to supplement the administrative record, plaintiff delineates six categories of documents that plaintiff alleges are missing from the administrative record; plaintiff argues that the absence of these documents from the administrative record renders the administrative record before the court incomplete.  *Id.* at 2.  On July 24, 2023, defendants filed their response in opposition to plaintiff's motion to supplement the administrative record, arguing that NMFS did not directly or indirectly rely on the categories of documents requested by plaintiff, the documents requested are not in possession of NMFS and they are pre-decisional or privileged and are not properly part of the administrative record.  Defs.' Resp. Opp'n. Pl.'s Mot. Supp. Admin. R. ("Defs. Resp. Mot. Supp."), ECF No. 42.

## LEGAL FRAMEWORK

Under section 706 of the APA, a court "review[s] the whole record or those parts of it cited by a party. . . ."  5 U.S.C. § 706.  The Supreme Court has defined "whole record" for an APA action under 5 U.S.C. § 706 as "the full administrative record that was before the Secretary at the time he made his decision."  *Citizens to Preserve*

*Overton Park, Inc. v. Volpe*, 401 U.S. 402, 419-20 (1971).  A whole administrative record "consists of all documents and materials directly or indirectly considered by agency decision-makers and includes evidence contrary to the agency's position." *Exxon Corp. v. Department of Energy*, 91 F.R.D. 26, 32 (N.D. Tex. 1981).  This includes "all materials that might have influenced the agency's decision. . . ." *Amfac Resorts LLC v. U.S. Dep't of Interior*, 143 F. Supp. 2d 7, 12 (D.D.C. 2001) (internal quotation marks omitted); *see also Thompson v. U.S. Dep't of Labor*, 885 F.2d 551, 555 (9th Cir. 1989).  The court notes that the U.S. Court of Appeals for the District of Columbia Circuit ("D.C. Circuit") has identified three narrow instances in which supplementation of an administrative record may be appropriate before reaching the merits of an APA challenge to agency action: "(1) if the agency 'deliberately or negligently excluded documents that may have been adverse to its decision,' (2) if background information was needed 'to determine whether the agency considered all the relevant factors,' or (3) if the 'agency failed to explain administrative action so as to frustrate judicial review[.]'" *City of Dania Beach v. FAA,* 628 F.3d 581, 590 (D.C. Cir. 2010) (quoting *American Wildlands v. Kempthorne*, 530 F.3d 991, 1002 (D.C. Cir. 2008)).

"An agency enjoys a presumption of regularity as to the record it prepares, because the agency, as the decision-maker, is generally in the best position to identify and compile those materials it considered." *JSW Steel (USA) Inc. v. United States*, 44 CIT, __, __, 466 F. Supp. 3d 1320, 1328 (2020) (citing *Fund for Animals v. Williams*, 245 F. Supp. 2d 49, 55-57 (D.C. Cir. 2003); *Pacific Shores Subd. v. U.S. Army Corps of*

**PUBLIC VERSION**

Court No. 22-00299 Page 5

*Eng.*, 448 F. Supp. 2d 1, 5 (D.D.C. 2006)). "Where an agency presents a certified copy of the complete administrative record, as was done in this case, 'the court assumes the agency properly designated the Administrative Record absent clear evidence to the contrary.'" *Defenders of Wildlife v. Dalton*, 24 CIT 1116, 1119 (2000) (quoting *Ammex, Inc. v. United States*, 23 CIT 549, 549, 62 F. Supp. 2d 1148, 1156 (1999)). "In an administrative review case, it is rare that a federal court will consider information outside of the [administrative] record submitted" by the agency. *Giorgio Foods, Inc. v. United States*, 35 CIT 297, 299-300, 755 F. Supp. 2d 1342, 1346 (2011) (citing *Advanced Tech. & Materials Co. v. United States*, 34 CIT 598, 603 (2010)).

Supplementing the administrative record with additional documents is distinct from supplementing the record "upon a showing that the administrative record is not complete." *Advanced Tech.*, 34 CIT at 604. "Although record supplementation on these grounds is often viewed as one of the 'exceptions' to the record rule . . . it is described more accurately as 'completing' the record because the material sought to be included is only that which (allegedly) should have been a part of the record to begin with." *Id.* (citing *Pacific Shores,* 448 F. Supp. 2d at 4).

"[C]ompleting the [administrative] record requires only that the moving party show that the record filed is not complete, supplementing the record requires the further burden of showing bad faith by the agency." *Invenergy Renewables LLC v. United States*, 44 CIT, __, __, 476 F. Supp. 3d 1323, 1354-55 (2020) (citations omitted).

PUBLIC VERSION

Court No. 22-00299            Page 6

"In a motion to complete the administrative record, a party must do more than simply allege that the record is incomplete. Rather, a party must provide the [c]ourt with reasonable, non-speculative grounds to believe that materials considered in the decision-making process are not included in the record." *Defenders of Wildlife,* 24 CIT at 1119 (citations omitted) (internal quotation marks omitted).

"Privileged and deliberative documents reflecting an agency's internal deliberations do not form part of the administrative record, and, generally, are not discoverable so as to merit a privilege log, unless there is a showing of bad faith or improper behavior." *JSW Steel*, at 466 F. Supp. 3d at 1328 (citing *Stand Up for California! v. U.S. Dep't of Interior*, 71 F. Supp. 3d 109, 122-23 (D.D.C. 2014); *Oceana, Inc. v. Ross*, 440 U.S. App. D.C. 237, 247, 920 F.3d 855, 865 (2019)).

## DISCUSSION

**I.**  **Motion to supplement or complete the administrative record**

    **A.**  **Positions of the parties**

Plaintiff in the instant action characterizes its motion to supplement the administrative record as "not seeking to *supplement* the record with additional documents that were not previously before the agency." Pl. Mot. Supp. at 1 (emphasis supplied). Rather, plaintiff asserts that it "is asking the [c]ourt to order [d]efendants to *complete* the record." *Id.* (emphasis supplied). Plaintiff argues that the administrative record as it currently exists is not complete and "does not include certain documents that were directly or indirectly considered by decisionmakers at the NMFS when it

**PUBLIC VERSION**

Court No. 22-00299 Page 7

decided to deny Southern Cross's application for pre-approval to import frozen toothfish from Subarea 48.3." *Id.* at 3.  As the basis for this assertion, plaintiff states that the supplemental requested documents "were directly or indirectly referenced by documents already included in the administrative record, demonstrating that they were considered directly or indirectly by the NMFS in its decision. . . ." *Id.* at 3-4.

    Defendants allege that plaintiff's argument "lacks any logical basis or legal support" and that "taking Southern Cross's unsupported statement as true would result in an absurd situation where the record would never be considered complete, as every document referenced (even indirectly) in the documents included in the record because of reference by other documents would then need to be added as well, without end." Defs. Resp. Mot. Supp. at 3.  Defendants argue that they "have already included the documents properly part of the administrative record" and that all other documents requested by plaintiff are "either: 1) documents not directly or indirectly relied on by NMFS in rendering the decision at issue in this case; 2) not within the possession of NMFS; [or] 3) pre-decisional or privileged and therefore not properly part of the administrative record." *Id*. at 1.

PUBLIC VERSION

Court No. 22-00299 Page 8

### B. Analysis

Parties in the instant action categorize supplemental documents to complete the administrative record (Categories 1-6). The court accepts these categories for purposes of deciding the instant motion and considers each in turn.[2]

Plaintiff does not allege that defendants acted in bad faith in filing the administrative record. *See* Pl. Mot. Supp. Accordingly, the court decides the instant motion under the standard of completing the record. *See Invenergy*, 44 CIT __, 476 F. Supp. 3d at 1355 (deciding the motion to supplement under the standard of completing the record because plaintiff made no allegations of bad faith on the part of the government). Under this standard, the court examines whether plaintiff provides the "[c]ourt with reasonable, non-speculative grounds to believe that materials considered in the decision-making process [were] not included in the record." *Defenders of Wildlife,* 24 CIT at 1119 (citations omitted) (internal quotation marks omitted).

### 1. Document Category 1

Category 1 consists of a single document requested by plaintiff. Pl. Mot. Supp. at 4. Defendants included the document in their response to plaintiff's motion to supplement. *See* Supp. to Admin. R. Paper, Delegations of Australia and the United States, Conservation at CCAMLR: Understanding Article II of the Convention on the

---

[2] The court notes that defendants included additional documents in the administrative record in their response in opposition to plaintiff's motion to supplement. These documents are responsive to certain of plaintiff's requests to complete the administrative record. *See* Defs. Resp. Mot. Supp., Ex. B ("Supp. to Admin. R.") PR 113-38, ECF No. 42.

PUBLIC VERSION

Court No. 22-00299                                                                                                     Page 9

Conservation of Antarctic Marine Living Resources (CCAMLR-XXXV/BG/28) (Sep. 17, 2016), PR 115. Accordingly, the court concludes that plaintiff's request for this document has been satisfied and, accordingly, the court denies plaintiff's motion.

        **2.**         **Document Category 2**

Plaintiff's requests in Category 2 comprise two types of documents: (1) "any information or supporting communications to indicate how the NMFS obtained the outside legal opinions included in the administrative record" and (2) "any information or supporting communications identifying who authored the legal opinion titled 'Legal Opinion in relation to the toothfish fishing licenses granted by the Government of South Georgia for the 2022 season in the 48.3 area of CCMALR.'" Pl. Mot. Supp. at 4 (citing Legal Opinion in Relation to the Toothfish Fishing Licences Granted by the Government of South Georgia for the 2022 Season in the 48.3 area of CCMALR ("Legal Opinion"), PR 104).

As to the first type of documents requested, defendants state that "the legal opinions were not solicited by NMFS in any manner, but rather simply submitted unsolicited by certain external groups." Defs. Resp. Mot. Supp. at 4 (citing Defs. Resp. Mot. Supp., Declaration of Janet Coit,[3] Ex. A ("Coit Decl.") ¶ 13 ); see Legal Opinion, PR 104. Defendants argue that, because such legal opinions were unsolicited, "there is

---

[3] Janet Coit ("Coit") serves as the Assistant Administrator for NMFS within NOAA. Coit's responsibilities include overseeing the work of the Office of International Affairs, Trade and Commerce within NMFS and administering the agency's responsibilities under the AMLRCA. Coit Decl. ¶ 1.

no reasonable basis to conclude that NMFS decisionmakers relied on the obtaining of the outside legal opinions in rendering the decision, and any such documents would not properly be part of the administrative record." *Id.*

Concerning the second type of supplemental information requested — the name of the author of the Legal Opinion — defendants submit an additional document in response to plaintiff's request. *Id.*; Email forwarded by Kimberly Dawson[4] to Meggan Engelke-Ros and Mi Ae Kim[5] (Aug. 21, 2022), originally sent by Ignacio Arocena to Kimberly Dawson and Lori Robinson (Aug. 19, 2022) ("August 2022 Email")), PR 125. Coit iterates that records were searched for the author of the opinion to no avail but defendants included in the administrative record in response to plaintiff's motion to supplement "one email regarding the genesis of the legal opinion." Coit Decl. ¶ 14.

The court notes that the substance of the email to which the "Legal Opinion" is attached states "Interesting, from COLTO via Ignacio..[sic]." August 2022 Email. The court identifies a potential inconsistency in the original inclusion by NMFS of the Legal Opinion in the administrative record and defendants' assertion that NMFS did not consider unsolicited outside legal opinions. *Compare* Legal Opinion, PR 104 *with* Defs.

---

[4] Kimberly Dawson is a Fisheries Biologist/NOAA Fisheries within the Office of International Affairs, Trade and Commerce. *See* Kimberly Dawson's Email signature line, PR 12.

[5] Both Meggan Engelke-Ros and Mi Ae Kim have emails ending in "noaa.gov." *See* August 2022 Email. Without drawing conclusions about their respective roles and titles within NOAA without such descriptions in the administrative record, the court notes that both recipients hold positions within NOAA.

Resp. Mot. Supp. at 4 (stating "there is no reasonable basis to conclude that NMFS decisionmakers relied on the obtaining of the outside legal opinions in rendering the decision, and any such documents would not properly be part of the administrative record.")  Defendants have not sufficiently explained why, if NMFS did not in fact consider directly or indirectly any outside legal opinions in rendering its decision, NMFS included the Legal Opinion in the administrative record.  Further, defendants have not sufficiently explained the reason that the "unsolicited" nature of the external legal opinions necessarily equates to NMFS disregarding the unsolicited legal opinions in its decision-making.  *See* Defs. Resp. Mot. Supp. at 4.  In light of the foregoing, the court directs defendants to explain with reference to each point noted above the apparent inconsistencies in (1) their assertion as quoted above at page 4 of their Response in the instant action with their inclusion of the Legal Opinion in the administrative record, and (2) the comment in the email from Kimberly Dawson, quoted above, that the Legal Opinion was "interesting."

### 3.    Document Category 3

Documents in Categories 3, 4 and 5 relate to a letter of December 17, 2021, from Alexa Cole of NOAA to Constance Arvis of the U.S. Department of State[6], stating that "NMFS has determined that the importation of [toothfish from subarea 48.3] . . . would

---

[6] Parties refer to the U.S. Department of State ("State Department") as the State Department, DOS or State in their briefs and within the record interchangeably. *E.g.*, Pl. Mot. Supp. at 5-6; *e.g.*, Defs. Resp. Mot. Supp. at 6.

PUBLIC VERSION

Court No. 22-00299 Page 12

be prohibited . . . until such time that CCAMLR adopts a conservation measure to set catch limits for that area." Pl. Mot. Supp. at 5 (citing Letter from Alex Cole to Constance Arvis (Dec. 17, 2021) ("Letter of December 17"), PR 21).

Category 3 documents are "emails, notes, or correspondence prior to December 17, 2021 relating to the NMFS determination that the importation of toothfish from CCAMLR Subarea 48.3 would be prohibited." Pl. Mot. Supp. at 5-6 (citing Email from Alexa Cole to Seth Sykora-Bodie (Jan. 10, 2022), PR 3 ("There were a number of State/NOAA conversations that preceded our letter. . . .") (emphasis omitted); Letter of December 17, PR 21).

Plaintiff states that the administrative record is incomplete because it does not include the documents or notes leading up to the email from Alex Cole to Constance Arvis. Pl. Mot. Supp. at 6. Plaintiff argues that emails, notes and conversations related to the consultations between NOAA and State "were at the very least indirectly considered by the agency decision-makers when they denied Southern Cross's application." *Id.*

Citing to the Declaration of Janet Coit, defendants respond that "the administrative record already contains all non-privileged and non-pre-decisional documents relating to the NMFS decision at issue." Defs. Resp. Mot. Supp. at 4 (citing Coit Decl. ¶ 15). Further, defendants note that plaintiff has not cited to any authority that "pre-decisional documents reflecting the mental processes of NMFS decisionmakers are properly part of the administrative record." *Id.* at 5.

Absent a showing of bad faith and improper behavior, the court "assumes the record is complete where it has been certified by the agency." *Invenergy*, 476 F. Supp. 3d at 1355 (citing *Giorgio Foods*, 35 CIT at 300, 755 F. Supp. 2d at 1346). Plaintiff has not presented the court with sufficient evidence to conclude that NMFS acted in bad faith by not including in the administrative record documents that are pre-decisional or privileged. *See JSW Steel*, 466 F. Supp. 3d at 1328 (citing *Stand Up*, 71 F. Supp. 3d at 122-23; *Oceana*, 920 F.3d at 865). As such, the court denies plaintiff's motion to complete the record concerning documents in Category 3.

### 4. Document Category 4

Category 4 documents consist of "any communications between the State Department, the NMFS and other CCAMLR member Commissioners informing them of the NMFS decision to prohibit the importation of toothfish caught in Subarea 48.3 during periods where there is no CCAMLR catch limit in place." Pl. Mot. Supp. at 6. Citing to the Letter of December 17, plaintiff asserts that there was an express request that "'State coordinate with NMFS to inform other CCAMLR member Commissioners and U.S. fish dealers' about the decision, PR 22, yet no record of such communications other than the email to the U.K. CCAMLR Commissioner Jane Rumble, *see* PR 1, are included in the administrative record." *Id.* (citing to Letter of December 17, PR 22; Email from Constance Arvis to Jane Rumble, Elizabeth Phelps, David Goddard re: 48.3 – Importation issue, PR 1).

PUBLIC VERSION

Court No. 22-00299                                                                                                    Page 14

Defendants assert that the administrative record already contains all non-privileged and non-pre-decisional documents relating to the NMFS decision.  Defs. Resp. Mot. Supp. at 4 (citing Coit Decl. ¶ 15).  Defendants state also that "Southern Cross has not alleged any impropriety or bad faith on the part of NMFS (and cannot credibly do so)." *Id*. at 5.  Citing to the Declaration of Janet Coit, defendants state that "because the documents described in [C]ategory 4 'merely relayed the position taken by NMFS in the Cole letter, NMFS did not directly or indirectly consider them in making' the decision at issue in this case." *Id.* (citing Coit Decl. ¶ 20).  Further, defendants state that "[t]o the extent that any documents responsive to [C]ategory 4 are within the possession of DOS rather than NMFS, they would not be properly part of the administrative record, as they are not in the possession of NMFS and therefore would not have been considered by NMFS in rendering *its* decision." *Id.* at 6.

There is no basis for the court to conclude that documents in Category 4 should be part of the administrative record in the instant action.  According to defendants and the Declaration of Janet Coit, the documents requested by plaintiff were not prepared by the NMFS decisionmaker and were not relied upon in the instant action.  *See Defenders of Wildlife,* 24 CIT at 1123 (concluding that requested reports were not properly part of the administrative record because they were not prepared or considered by the relevant agency decisionmaker).  As such, the court denies plaintiff's motion to complete the record concerning documents in Category 4.

PUBLIC VERSION

Court No. 22-00299 Page 15

### 5. Document Category 5

Category 5 documents are "initial exchanges between representatives of the State Department and other delegations (namely the European Union and the U.K.) regarding fishing in Subarea 48.3 in the absence of a catch limit adopted by the CCAMLR." Pl. Mot. Supp. at 6-7. Plaintiff argues that the initial exchanges between the State Department and other delegations should be part of the administrative record because they were at least indirectly considered by NMFS. *Id.* (citing Email from Luis Molledo of the European Commission to Elizabeth Phelps of the State Department, PR 111 (referring to "initial exchanges on 48.3 with [Phelps'] delegations[,]")).

Concerning documents in Category 5, defendants state that "NMFS has no documents in its possession that are responsive to this request." Defs. Resp. Mot. Supp. at 6 (citing Coit Decl. ¶ 21). Defendants reiterate that such documents should not be part of the administrative record. *Id.*

Plaintiff provides no evidence that NMFS reviewed or relied on the exchanges to which Luis Molledo referred in his email to Elizabeth Phelps. *See* Email from Luis Molledo of the European Commission to Elizabeth Phelps of the State Department, PR 111 (referring to Molledo's "initial exchanges on 48.3 with [Phelps'] delegations[,]"). Consistent with *JSW Steel* and the deference to which agencies are entitled in forming an administrative record, plaintiff does not show that NMFS acted in bad faith in not including any documents that might comprise Category 5. As the Court has stated previously, "[t]he purpose of limiting review to the record actually before the agency is to

guard against courts using new evidence to convert the arbitrary and capricious standard into effectively de novo review." *JSW Steel*, 44 CIT at __, 466 F. Supp. 3d at 1328 (internal quotation marks omitted) (quoting *Axiom Res. Mgmt., Inc. v. United States*, 564 F.3d 1374, 1380 (Fed. Cir. 2009)).

For the foregoing reasons, the court denies plaintiff's motion to complete the record concerning documents in Category 5.

### 6. Document Category 6

Finally, plaintiff motions to supplement the administrative record with "any communications from non-governmental organizations ("NGOs") and other governments regarding whether the importation of toothfish from Subarea 48.3 requires a CCAMLR catch limit or contravenes any CCAMLR conservation measure, including any CCAMLR circulars and any communications that the State Department received from the European Union, the U.K. or other governments in response to Luis Molledo's March 4, 2022 email[.]" Pl. Mot. Supp. at 7 (citing Email from Luis Molledo of the European Commission to Elizabeth Phelps of the State Department, PR 111).

In response, defendants stated that "without conceding that NMFS *actually* indirectly considered the documents, [NMFS] will agree to include materials reflecting the communications that were in NMFS's possession prior to the time of the decision[.]" Defs. Resp. Mot. Supp. at 7 (citations omitted).

Upon review of defendants' attachments and explanation thereof, the court determines that defendants' additions are responsive to plaintiff's motion to complete

the record and plaintiff's request for documents in Category 6 has been satisfied.  *See* Supp. to Admin. R. Letter from the Russian Federation (May 23, 2022), PR 128; Letter from Argentina (June 17, 2022), PR 133; Aide-Memoire (March 28, 2022), PR 136.

## CONCLUSION

The court concludes that defendants' supplemental attachments in the form of the Declaration of Janet Coit and documents attached as supplements to the administrative record fulfill plaintiff's motion to supplement the administrative record with respect to Document Categories 1 and 6.  Defendants provide adequate explanation for the absence of documents in the administrative record comprising Categories 3 through 5.  Plaintiff has not demonstrated that the agency acted in bad faith and plaintiff has not demonstrated improper behavior in the agency's compilation of an administrative record.  For Document Category 2, the court identifies a potential inconsistency between the inclusion by NMFS of the Legal Opinion in the initial administrative record and defendants' assertion that unsolicited external legal opinions were not relied upon in issuing the NMFS decision to deny preapproval of importation of toothfish.  Defendants have not sufficiently explained why, if NMFS did not in fact consider directly or indirectly any outside legal opinions in rendering its decision, NMFS included the Legal Opinion in the administrative record.  The court directs defendants to explain, with reference to the points identified by the court at Section I.B.2 *supra*, the potential inconsistency between NMFS' action and defendants' subsequent explanation thereof.

PUBLIC VERSION

Court No. 22-00299                                                                                                                Page 18

For the reasons discussed, the court concludes that plaintiff's request to supplement the administrative record has been satisfied for Categories 1 and 6 and denies plaintiff's motion to supplement the administrative record concerning Categories 3-5.  With respect to Category 2, the court directs defendants to explain their position regarding the Legal Opinion and the foregoing inconsistency in the original administrative record and defendants' subsequent position.

Accordingly, it is hereby

**ORDERED** that plaintiff's motion to supplement the record is denied for Document Categories 1 and 6 on the ground that plaintiff's request to supplement the administrative record has been satisfied by defendants, and plaintiff's motion to supplement the administrative record is denied for Document Categories 3, 4 and 5.

**ORDERED** that defendants explain their position as to Document Category 2 within 30 days of this order.  Defendants' supplemental explanation should not exceed 1,000 words and should address the aforementioned apparent inconsistency.

**ORDERED** that plaintiff respond to defendants' supplemental explanation within 21 days.  Plaintiff's response to defendants' explanation should not exceed 1,000 words.

/s/      Timothy M. Reif
Timothy M. Reif, Judge

Dated:   October 5, 2023
             New York, New York